**Justin Ward, Esq., State Bar No.** 225363
**THE WARD FIRM**
2121 Natomas Crossing Drive,
Suite 200-389
Sacramento, California 95834
(916) 443-2474 Fax: (916) 209-8628
Justin@jlwardfirm.com

Attorney for Plaintiff,
CRAIG WILLIAMS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG WILLIAMS<br><br>           Plaintiff,<br><br>  vs.<br><br>CITY OF SACRAMENTO; COREY JOHNSON; and DOES 1 through 10, inclusive,<br><br>         Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure— Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C.§ 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability— Failure to Train (42 U.S.C. § 1983)<br>6. False Arrest/False Imprisonment<br>7. Battery<br>8. Negligence<br>9. Negligent Infliction of Emotional Distress<br>10. Violation of Bane Act (Cal. Civil Code § 52.1)<br>**DEMAND FOR JURY TRIAL** |

**PARTIES AND JURISDICTION**

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 1985

1

**Plaintiff's Complaint for Damages and Demand for Jury Trial**        Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

and § § 1331 and 1367(a). Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

2.      Venue is proper in the Eastern District of California and the County of Sacramento under 42 U.S.C. § 1402(b) because the incidents alleged herein occurred in this District.

3.      At all relevant times mentioned here, Plaintiff Craig Williams ("Williams" or "Plaintiff") was a resident of Sacramento County, California.

4.      At all relevant times mentioned here, the Defendant City of Sacramento ("City") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, City was the employer of Defendant Corey Johnson and Does 1-4, who were City police officers, Does 5-6, who were City police officers' supervisorial officers, and Does 7-10, who were managerial, supervisorial, and policymaking employees of the City Police Department.  On information and belief, at all relevant times, Corey Johnson and Does 1-10 were residents of the County of Sacramento, California.  Corey Johnson and Does 1-10 are sued in their individual capacity for damages only.

5.      At all relevant times mentioned here, Defendant Corey Johnson ("Johnson") and Does 1-10 were duly authorized employees and agents of City, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant City.

6.      At all relevant times, Defendants Corey Johnson and Does 1-10 were duly appointed officers and/or employees or agents of City, subject to oversight and supervision by City's elected and non-elected officials.

7.      In doing the acts and failing and omitting to act as hereinafter described, Defendants Corey Johnson and Does 1-10 were acting on the implied and actual permission and consent of City.

8.      At all times mentioned herein, each and every City defendant was the agent of each and every other City defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every City defendant.

2

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

9.      The true names of defendants Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10.      On or about September 19, 2018, Williams filed a timely Claim for Damages against City for the injuries and damages sustained as a result of the incident set forth in this complaint.

11.      On November 2, 2018, City rejected Plaintiff's claim for damages by operation of law on November 2, 2018.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.      Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13.      On or about Friday, May 4, 2018 in the parking lot of the 7-Eleven store located at 1199 43rd Avenue in Sacramento, California, 95822, Plaintiff parked his vehicle in a valid parking space.  Plaintiff left his engine running and his car stereo on while he went into the store.

14.      Johnson was in the 7-Eleven when Plaintiff entered the store.  Johnson purchased his items and left the store.

15.      While waiting in line at the 7-Eleven to purchase his items, another patron informed Williams that Johnson was asking Williams to come outside.  Williams went outside and Johnson spoke to Williams briefly.  Williams acknowledged Johnson and then went back in to the store.

16.      Williams exited the 7-Eleven a few minutes later, walking towards his vehicle when Johnson approached him and demanded to see Williams' identification.  Williams questioned Johnson's reason for requesting the identification.

17.      Johnson again demanded the identification and then grabbed Williams' wrist.

18.      Johnson attempted to restrain Williams, who questioned Johnson's actions. Johnson then attempted, unsuccessfully, to trip Williams onto the ground.  Johnson then pushed

3

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                      Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

Williams into the building wall and then Williams onto the ground, face first.  Once on the ground, Williams placed his hands outward and yelled, "I give up, I give up!"

19.     As a legal result of Johnson's actions, Williams sustained serious injury and damages to his mind and body.

20.     Williams never consented to this use of force against him. Moreover, he had broken no felony laws or other serious crimes which would have justified this use of serious force against him. He did not pose a reasonable threat of death or serious bodily injury to the involved Defendants, or any other person, so as to justify this use of severe force against him.

21.     Williams is informed and believes that his race was a substantial factor leading to Johnson's decision to assault, batter, and arrest him.  Williams maintains that given the identical circumstances to which Johnson was then presented, had he not been visibly African-American, Johnson would not have perceived Williams' actions as threatening, justifying his use of severe force against him. Consequently, in choosing to assault and batter Williams, each of the defendants discriminated against Williams on account of his race.

22.     As a legal result of each of the Unknown Defendants' conduct as described here, Williams has suffered severe physical and emotional pain and injury to his mind and body, all in an amount to be determined according to proof at trial.

23.     As a further legal result of each of the Defendants' conduct, Williams has been required to employ and did employ physicians, surgeons, and psychologists to examine, treat and care for him. He has incurred additional medical costs for past hospital bills and other incidental medical expenses, and expects to incur similar medical expenses in the future, all in an amount to be determined according to proof at trial.

24.     As a further legal result of each of the above-mentioned defendants' conduct, Williams has lost wages in the past in an amount to be determined according to proof at trial.

//

//

//

//

4

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                          Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. §1983)**

(Against Defendant Corey Johnson and Does 1-4)

25.     Plaintiff repeats and realleges each and every allegation in paragraph 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     Defendants Johnson and Does 1-4 caused Plaintiff to be detained and they attempted to arrest Plaintiff in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.     Johnson and Does 1-4 are liable for Plaintiff's injuries because they were integral participants to the violations of Plaintiff's rights.

28.     Plaintiff was detained without reasonable suspicion by Corey Johnson and he attempted to arrest Plaintiff without probable cause.

29.     The conduct of Corey Johnson and Does 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Corey Johnson and DOES 1-4.

30.     Accordingly, Defendants Corey Johnson and Does 1-4, are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. §1983.

31.     Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. §1983)**

(Against Defendant Corey Johnson and Does 1-4)

32.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     Corey Johnson's unjustified battery of Plaintiff deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

34.     The unreasonable use of force by Defendant Corey Johnson deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     As a result, Plaintiff suffered extreme mental and physical pain and suffering, loss of enjoyment of life and of earning capacity.

36.     Corey Johnson and Does 1-4 are liable for Plaintiff's injuries because they were integral participants in the excessive force.

37.     The use of force was excessive because this was not a felonious or violent situation, the involved officer did not give a verbal warning that force would be used despite it being feasible to do so, and there were other reasonable options available other than tackling Plaintiff.

38.     This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was unarmed and did not pose a physical threat to Johnson when Johnson threw Plaintiff into the building and then onto the ground. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

39.     The conduct of Corey Johnson was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Corey Johnson.

40.     Plaintiff also seeks attorney fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendant Corey Johnson and Does 1-4)

41.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     The denial of medical care by Defendant Corey Johnson deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to

6

**Plaintiff's Complaint for Damages and Demand for Jury Trial**     Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. As a result, Plaintiff suffered extreme mental and physical pain and suffering.

44. Defendant Corey Johnson knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

45. After throwing Plaintiff into a wall and then onto the ground face first, Corey Johnson did not timely summon or provide timely medical attention for Plaintiff, who had obvious serious injuries, and Corey Johnson also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to Plaintiff.

46. The conduct of Defendant Corey Johnson was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant Corey Johnson.

47. Plaintiff seeks attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants City and Does 5-10)

48. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. On and for some time prior to May 4, 2018 (and continuing to the present date) Defendants Does 5-10, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel,

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

including Corey Johnson whom Defendants Does 5-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for mistreating citizens by failing to follow written City Police Department policies;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining City Police Officers, and other personnel, who Defendant City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)     By failing to adequately train officers, including Corey Johnson, and failing to institute appropriate policies, regarding the use of excessive force;

(d)     By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Does 5-10 and City, were done with a deliberate indifference to individuals' safety and rights; and

(e)     Of totally inadequately training City Police Officer Corey Johnson, with respect to citing and apprehending unarmed individuals.

50.     By reason of the aforementioned policies and practices of Defendants Does 5-10, Plaintiff was severely injured and subjected to pain and suffering.

51.     Defendants Does 5-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

52.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 5-10, acted with an intentional, reckless, and callous disregard for Plaintiff's constitutional rights.  Defendants Does 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable

8

**Plaintiff's Complaint for Damages and Demand for Jury Trial**      Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

to any person of normal sensibilities.

53.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants Does 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

54.     By reason of the aforementioned acts and omissions of Defendants Does 5-10, Plaintiff was caused to incur medical expenses.

55.     By reason of the aforementioned acts and omissions of Defendants Does 5-10, Plaintiff has suffered emotional, mental, and physical pain.

56.     Accordingly, Defendants Does 5-10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

57.     Plaintiff seeks attorney fees under this claim.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants City and Does 5-10)

58.     Plaintiff repeats and realleges each and every allegation in paragraphs 1  through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     While acting under the color of state law and within the course and scope of his employment as a police officer for the City police department, Corey Johnson's tackling of Plaintiff, who was unarmed, deprived Plaintiff of his rights and liberties secured to him by the Fourth and Fourteenth Amendments, including his right to be free from unreasonable search and seizure.

60.     The training policies of the defendant City police department were not adequate to train its police officers, including but not limited to, Corey Johnson, with regards to using force. As a result, City police officers, including Corey Johnson, are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals attempting to enter their vehicle. These inadequate training policies existed prior to the date of this incident and continue to this day.

61.     The Defendant City police department was deliberately indifferent to the known or

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

obvious consequences of its failure to train its police officers, including Corey Johnson, adequately with regards to using force.  This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to issuing a citation, calmly explaining the law the citizens, and showing citizens the code section of which they are accused of violating when feasible prior to using force.

62.    City was aware that failure to implement some sort of training with regards to their officers' issuing of citations for non-serious offenses, would result in continuing to have numerous unreasonable officer involved assaults of unarmed individuals annually.

63.    The failure of the Defendant City police department to provide adequate training with regards issuing citations and using force, caused the deprivation of  Plaintiff's rights by Corey Johnson.  In other words, the Defendant's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

64.    By failing to provide adequate training to City's police officers, including Corey Johnson, Defendants Does 5-10, acted with an intentional, reckless, and callous disregard for Plaintiff's constitutional rights.  Defendants Does 5-10, each of their actions were willful, wanton, oppressive, malicious,  fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65.    By reason of the aforementioned acts and omissions of Defendants Does 5-10, Plaintiff was caused to incur medical expenses and loss of income.

66.    Plaintiff also seeks statutory attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

67.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.    Defendant Corey Johnson, while working as a police officer for City, and acting within the course and scope of his  duties, intentionally deprived Plaintiff of his freedom of

10

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

movement by use of force, threats of force and unreasonable duress when Defendant Corey Johnson tackled Plaintiff and threw him to the ground.  Defendant Corey Johnson intentionally tackled Plaintiff and threw him to the ground in order to detain him.  Defendant Corey Johnson also detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause.

69.    Plaintiff did not knowingly or voluntarily consent to his detention or arrest. On information and belief, Plaintiff did not feel that he was free to leave as he lay on the ground. By tackling and throwing Plaintiff to the ground, Defendant Corey Johnson deprived Plaintiff, who was unarmed, of his liberty without justification.  Further, Defendant Corey Johnson did not have probable cause to believe that Plaintiff, specifically, had committed any crime.

70.    The conduct against Plaintiff by Defendant Corey Johnson, by tackling and then throwing Plaintiff to the ground  was a substantial factor in causing the harm of Plaintiff.

71.    In committing the acts described herein, Johnson subjected Plaintiff to unreasonable harm to his person, in violation of California Civil Code, Section 43.

72.    Johnson's use of force against Plaintiff was unreasonable given the facts. Therefore he is not immune from liability under GC §820.2.

73.    Because Johnson is not immune from liability under GC §820.2, City is not immune from liability under GC §815.2(b) and is vicariously liable under GC §815.2(a)

74.    The conduct of Defendant Corey Johnson was malicious, wanton, oppressive, and accomplished with a conscious  disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

75.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.    Corey Johnson, while working as a  police officer for the City Police Department, and acting within the course and scope of his duties, intentionally tackled and threw Plaintiff to the

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

ground.  Further, Plaintiff was unarmed at the time of the assault with nothing in his hands but a cell phone.  The use of force was  also unreasonable because there were clearly less severe options available.

77.    As a result of the actions of Corey Johnson, Plaintiff suffered severe mental and physical pain and suffering, and lost wages. Corey Johnson had no legal justification for using force against Plaintiff and Johnson's use of force while carrying out his officer duties was an unreasonable use of force, especially since Plaintiff was unarmed, not resisting a lawful arrest, and had not committed a felony when he was tackled and thrown to the ground. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and  pain and have been injured in mind and body.

78.    In committing the acts described herein, Johnson subjected Plaintiff to unreasonable harm to his person, in violation of California Civil Code, Section 43.

79.    Johnson's use of force against Plaintiff was unreasonable given the facts. Therefore he is not immune from liability under GC §820.2.

80.    Because Johnson is not immune from liability under GC §820.2, City is not immune from liability under GC §815.2(b) and is vicariously liable under GC §815.2(a)

81.    The conduct of Corey Johnson was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

## EIGHTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against all Defendants)

82.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.    The actions and inactions of the Defendants were negligent, including  but not limited to:

(a)    the failure to properly and adequately train employees, including Corey Johnson, with regards to the use of force;

Plaintiff's Complaint for Damages and Demand for Jury Trial          Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

(b)      the failure to properly and adequately assess the need to detain, arrest, and use force, against Plaintiff;

(c)      the negligent tactics and handling of the situation with Plaintiff, including negligence;

(d)      the negligent detention, arrest, and use of force, against Plaintiff;

(e)      the failure to provide and or summons prompt medical care to Plaintiff;

(f)      tackling an unarmed individual who had nothing in his hands but a cell phone;

(g)      failure to train with regards to issuing a citation;

(h)      the failure to give a verbal warning or any kind of command prior to detaining and tackling; and

(i)      the failure to properly train and supervise employees, both professional and non-professional, including Corey Johnson.

84.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and lost wages.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. City is vicariously liable for the wrongful acts of Corey Johnson pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.     City is vicariously liable for the wrongful acts of Corey Johnson pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

//

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

### NINTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

**(Cal. Govt. Code § 829 and California Common Law)**

(Against all Defendants)

86.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.    On May 11, 2018, under the supervision of City and Does 1-10,  Johnson negligently harmed Plaintiff physically when Johnson tackled Williams and threw him to the ground.  Further, Johnson caused Plaintiff to fear further harm, and caused Plaintiff to suffer emotional damage when Johnson participated in the conduct described in the foregoing paragraphs.

88.    Both prior to and during the time in which Johnson assaulted Plaintiff, Plaintiff was not armed with any kind of weapon, and posed no reasonable threat of violence to Johnson or any other individual.

89.    Both prior to and during the time in which he was tackled and thrown to the ground, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that he was armed with any kind of weapon, or had the will, or the ability to inflict harm against any individual.

90.    Both prior to and during the time in which Johnson tackled Plaintiff and threw him to the ground, Johnson was not faced with any circumstances which would have led a reasonable officer to believe that Plaintiff posed a risk of harm, death, or injury to any person or Plaintiff himself.

91.    Both prior to and during the time in which Johnson assaulted Plaintiff, Plaintiff did not consent to the use of force used upon him.

92.    In committing the acts described herein, Johnson subjected Plaintiff to unreasonable harm to his person, in violation of California Civil Code, Section 43.

93.    Johnson's use of force against Plaintiff was unreasonable given the facts. Therefore he is not immune from liability under GC §820.2.

14

---

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                        Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

94.     Because Johnson is not immune from liability under GC §820.2, City is not immune from liability under GC §815.2(b) and is vicariously liable under GC §815.2(a)

95.     As a proximate result of the above-mentioned conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe and permanent injury to his mind and body.

96.     Additionally, Plaintiff was required to employ and did employ physicians to examine, treat, and care for him, and incurred additional medical expenses for emergency treatment, and other incidental medical expenses in an amount according to proof at trial.

97.     As a further proximate result of the above-mentioned conduct of Defendant's and each of them, Plaintiff has been required to employ and did employ mental health therapists to examine, treat, and care for him, and incurred additional expenses for mental health therapy, and other incidental expenses in an amount according to proof at trial.

## TENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against Defendants Corey Johnson and Does 1-4)

98.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

100.    Conduct that violates the Fourth Amendment violates the California Bane Act.

101.    Defendant Corey Johnson's use of force was excessive and unreasonable under the circumstances, especially since Plaintiff did not threaten Johnson in any way, did not become physical with Johnson, and was not committing any serious offense. Further, Johnson did not properly explain his basis for citing Plaintiff, despite Plaintiff asking for an explanation. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

102.    Plaintiff was detained without reasonable suspicion and Corey Johnson attempted

15

**Plaintiff's Complaint for Damages and Demand for Jury Trial**          Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

to arrest Plaintiff without probable cause.  Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

103.    Corey Johnson intentionally violated  Plaintiff's rights under §1983 by detaining Plaintiff without reasonable suspicion, by attempting to arrest Plaintiff without probable cause, and by using excessive force against Plaintiff, including but not limited to, tackling Plaintiff and throwing him to the ground.  Further, these acts by Corey Johnson demonstrate that he had a reckless disregard for Plaintiff's constitutional rights.

104.    At the time of the assault, Plaintiff did not pose an immediate threat of death or serious bodily injury and Plaintiff never verbally threatened anyone prior to the assault.  There is direct and circumstantial evidence that Corey Johnson intentionally violated Plaintiff's rights under §1983 by unlawfully detaining him, by attempting to unlawfully arrest him and by tackling Plaintiff to the ground even though Plaintiff did not resist Johnson.

105.    Corey Johnson, while working as a police officer for the City Police Department, and acting within the course and scope of his duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the  conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.  Plaintiff, an African-American male, was also racially profiled by the involved officer.

106.    Plaintiff was caused to suffer extreme mental and physical pain and suffering and a loss of earning capacity.

107.    The conduct of Corey Johnson was a substantial factor in causing the harms, losses, injuries, and damages of Plaintiff.

108.    City is vicariously liable for the wrongful acts of Corey Johnson pursuant to section 815.2(a) of the California  Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.    The conduct of Corey Johnson was malicious, wanton, oppressive, and

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                                   Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.:

accomplished with a conscious disregard for the rights of Plaintiff entitling Plaintiff to an award of exemplary and punitive  damages.

110.    Plaintiff also seeks attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Craig Williams requests entry of judgment in his favor and against Defendants City of Sacramento, Corey Johnson and DOES 1-10, inclusive, as follows:

A.      For compensatory damages in excess of $100,000 under federal and state law, in the amount to be proven at trial;

B.      For medical expenses, and loss of income;

C.      For punitive damages against the individual defendants in an amount to be proven at trial;

D.      For interest;

E.      For reasonable costs of this suit and attorneys' fees;

F.      For such further other relief as the Court may deem just, proper, and appropriate; and

G.      For treble damages under Civil Code Section 52.1. 17

DATED: May 2, 2019                    Respectfully submitted,


                                      By_  /S/ Justin L. Ward
                                          JUSTIN WARD, ESQ.
                                          Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues in this matter.


DATED: May 2, 2019                    Respectfully submitted,


                                      By_  /S/ Justin L. Ward
                                          JUSTIN WARD, ESQ.
                                          Attorney for Plaintiff

**Plaintiff's Complaint for Damages and Demand for Jury Trial**                    Justin L. Ward, Esq.
Williams v. City of Sacramento, et al.
Case No.: